# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:24-cv-00196-MR

| | |
|---|---|
| GERALD ISSAC LUNSFORD, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>)<br>FNU SEENE, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e)(2) and 1915A, and Plaintiff's letter requesting counsel, [Doc. 7]. Plaintiff is proceeding in forma pauperis in this matter. [Docs. 2, 5].

## I. BACKGROUND

Pro se Plaintiff Gerald Issac Lunsford ("Plaintiff") is a pretrial detainee currently housed at the Iredell County Detention Center (the "Jail") in Statesville, North Carolina. On or about August 28, 2024, he filed this action pursuant to 42 U.S.C. § 1983, naming FNU Seene, identified as a Captain and Jail Coordinator, and the Jail Mail Room as Defendants. [Doc. 1]. Plaintiff alleges that, on May 30, 2024, a letter from the Office of the Public Defender in Raleigh, North Carolina, was opened outside of his presence

and "a hole was cut in the bottom of the letter." [Id. at 4]. He also alleges that he received two pieces of mail from the I.R.S., both of which had the same holes "cut into the bottom," and that Defendant Seene "has kept [his] mail from being sent to proper parties in Court house." [Id.].

Plaintiff claims that Defendants violated his rights under the First Amendment. [Id. at 3]. Plaintiff claims he suffered "non-physical" injury." [Id. at 5]. He also claims that he may have been able to "bond out" but for the alleged mail tampering. [Id.]. He seeks monetary relief, including punitive damages. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

"[L]egal mail is widely recognized to be privileged and confidential — even in the context of prisons — which suggests that an incarcerated person's expectation of privacy in his legal mail is one 'that society is prepared to consider reasonable.'" Haze v. Harrison, 961 F.3d 654, 660 (4th

Cir. 2020) (quoting United States v. Catellanos, 716 F.3d 828, 832 (4th Cir. 2013)); see King v. Rubenstein, 825 F.3d 206, 215 (4th Cir. 2016) ("[N]othing in Hudson indicates the Supreme Court intended to abrogate a prisoner's expectation of privacy beyond his cell.").

However, a prison rule requiring that legal mail be opened in the presence of the inmate, without being read, does not infringe on a prisoner's constitutional rights. See Wolff v. McDonnell, 418 U.S. 539, 575–77 (1974); see also Turner v. Safley, 482 U.S. 78, 89 (1987) (prison restrictions impinging on an inmate's constitutional rights are valid if they are reasonably related to legitimate penological interests).

Moreover, isolated incidents of mail mishandling do not rise to the level of a constitutional violation. See Buie v. Jones, 717 F.2d 925, 926 (4th Cir. 1983) (stating that "a few isolated instances of plaintiff's mail being opened out of his presence" that were "either accidental or the result of unauthorized subordinate conduct ... were not of constitutional magnitude"); Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) ("[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation.").

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff has nonetheless failed to state a claim under the First Amendment based on mail interference. Plaintiff alleges only

4

isolated incidents of mishandling of his legal mail, which are not constitutionally redressable.

The Supreme Court stated in Bounds v. Smith, 430 U.S. 817 (1977), that prisoners must have meaningful access to the courts. The "meaningful access" referred to in Bounds does not, however, entitle a plaintiff to total or unlimited access. See Moore v. Gray, No. 5:04-CT-918-FL, 2005 WL 3448047, at *1 (E.D.N.C. Jan. 26, 2005), *aff'd*, 133 Fed. App'x 913 (4th Cir. 2005) (unpublished) (citation omitted). The right of access to the courts only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis v. Casey, 518 U.S. 343, 356-57 (1996). Moreover, as a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury. See id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim challenging their conviction or conditions of confinement. See id. A plaintiff's "[f]ailure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to his Bounds claim." Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting Casey, 518 U.S. at 353).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff has nonetheless failed to state a claim under

the First Amendment based on denial of access to the courts. That is, he alleges only that Defendant Seene kept Plaintiff's mail from being sent to the proper individuals at the courthouse and generally that the alleged mail interference "may have" affected his ability to "bond out." These allegations are too vague to state a claim for relief. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Moreover, Plaintiff has not alleged that he was prevented from bringing a non-frivolous claim or from challenging his conviction or sentence. See Lewis, 518 U.S. at 356-57.

Finally, a jail is not a "person" subject to suit under § 1983. See Brooks v. Pembroke Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989). As such, the Jail Mail Room is not a proper Defendant, and the Court would dismiss it as a Defendant in this matter.

Because Plaintiff has failed to state a claim for relief, Plaintiff's Complaint fails initial review, and the Court will dismiss it without prejudice. The Court, however, will allow Plaintiff to amend his Complaint to state a

6

Case 5:24-cv-00196-MR   Document 9   Filed 12/11/24   Page 6 of 9

claim for relief, if the facts support such amendment.

## IV. PLAINTIFF'S LETTER

Also before the Court is Plaintiff's letter in which he states that he needs a lawyer. [Doc. 7 at 2]. To the extent this statement can be construed as a motion for appointment of counsel, it is denied.

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The existence of exceptional circumstances in each case "hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). To make this determination, a court must collectively assess "(1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities." Jenkins v. Woodard, 109 F.4th 242, 248 (4th Cir. 2024) (citing Brock v. City of Richmond, 983 F.2d 1055, 1055 (4th Cir. 1993) (per curiam)). "The district court's failure to make these assessments is legal error." Id. Where a pro se plaintiff presents a claim that appears to be of potential merit but "lacks the capacity to present it" in

light of the objective complexity of the claim and the plaintiff's subjective abilities, the case presents "exceptional circumstances." Id. at 247 (quoting Whisenant, 739 F.2d at 162).

In this case, however, the Plaintiff has not yet even demonstrated that this claim will pass initial review, much less that it has potential merit. Until that has been shown, the Court cannot assess the complexity of the claim or what skill may be required to prosecute the same. Therefore, at this stage, the Plaintiff has failed to meet any of the requirements for establishing exceptional circumstances necessitating the appointment of counsel.

## V. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will be dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint fails initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for Plaintiff's failure to state a claim for relief and shall be **DISMISSED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: December 11, 2024

Martin Reidinger
Chief United States District Judge